**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**RANDALL LAMONT ROLLE,**

     **Plaintiff,**

**vs.**                                **Case No. 4:14cv350-RH/CAS**

**NIKKI ANN CLARK,
JOE LEWIS, et al.,**

     **Defendants.**

                                **/**


<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff, proceeding pro se, submitted a civil rights complaint, doc. 1, a motion to proceed in forma pauperis, doc. 2, and a motion for declaratory judgment and injunctive relief, doc. 3. Plaintiff's in forma pauperis motion has been granted in a separate Order entered this day.

Plaintiff has been a frequent filer in this Court, having filed fifteen cases between 2005 and 2010. Since July 2014, Plaintiff has filed seven more cases. In general, Plaintiff's various cases have challenged state criminal proceedings and events which led to Plaintiff's incarceration in the Florida Department of Corrections. The claims raised in this case are brought against the judges who have ruled on, or otherwise presided over, Plaintiff's state court cases, and Welsey Paxon, III, the Assistant Florida Attorney General who filed an answer brief on behalf of the State of Florida when Plaintiff appealed the denial of his habeas petition. *See* doc. 1. Plaintiff acknowledges

that this case is based on the same facts and issues as Plaintiff previously litigated in case number 4:07cv285-RH/WCS.  Judicial notice is taken that case number 4:07cv285 was dismissed *sua sponte* for failure to state a claim, pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.3d 383 (1994), because Plaintiff was seeking damages for each day of his incarceration, and because Plaintiff's claims against the Defendants were barred by absolute immunity, or the Defendants were entities that are not "persons" under § 1983.  Doc. 18.  The Eleventh Circuit Court of Appeals affirmed the dismissal of Plaintiff's complaint, doc. 33, and the United States Supreme Court denied certiorari.  Doc. 43.

Not satisfied with those rulings, Plaintiff again brings this case now that he has been released from prison.  Plaintiff does not explain how this case has merit when his prior case did not.  Nevertheless, Plaintiff has now named different Defendants in this case than in the first case, with the exception of the Second Judicial Circuit Court, and the Florida First District Court of Appeal.  As Plaintiff is aware from the prior rulings, aa complaint against these entities or agencies "fails because these state entities are not 'persons' within the meaning of section 1983."  Doc. 33, *citing* <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989).  The law has not changed since 2008 when the Eleventh Circuit affirmed the dismissal of Plaintiff's first case.  Plaintiff cannot pursue claims against those previously named Defendants, nor can he pursue a claim against newly added Defendants the Florida Supreme Court or the Office of the Attorney General for the State of Florida.  Those claims should be dismissed.

Plaintiff may also not bring claims against Wesley Paxson, III, who represented

the State in Plaintiff's habeas petition.  "Traditional common-law immunities for

prosecutors apply to civil cases brought under § 1983.  Rehberg v. Paulk, 611 F.3d 828,

837 (11th Cir. 2010), *citing* Imbler v. Pachtman, 424 U.S. 409, 427-28, 96 S.Ct. 984,

993-94, 47 L.Ed.2d 128 (1976).  "In § 1983 actions, prosecutors have absolute immunity

for all activities that are " 'intimately associated with the judicial phase of the criminal

process.' "  Van de Kamp v. Goldstein, 555 U.S. 335, 129 S.Ct. 855, 860, 172 L.Ed.2d

706 (2009) (quoting Imbler, 424 U.S. at 430, 96 S.Ct. at 995; *accord* Jones v. Cannon,

174 F.3d 1271, 1281 (11th Cir. 1999), *quoted in* Rehberg, 611 F.3d at 837.  "A

prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's

function as advocate."  Jones, 174 F.3d at 1281, *quoted in* Rehberg, 611 F.3d at 838.

"This immunity extends to Attorneys General and Assistant Attorneys General."  Rolle

v. Edmondson, No. 3:10cv319, 2010 WL 1838242, at *1 (M.D. Fla. May 3, 2010),[1] *citing*

Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999).  Accordingly, Plaintiff's

claims cannot proceed against Defendant Paxson, the Assistant Attorney General, and

must be dismissed.

Plaintiff's claims against all the state court judges presiding over his cases are

also barred because a judge is entitled to absolute judicial immunity in this § 1983 case.

A judge is entitled to absolute immunity for all actions taken in his or her judicial

capacity, except when the judge acts in the "clear absence of all jurisdiction."  Bolin v.

Story, 225 F.3d 1234, 1239 (11th Cir. 2000), *quoting* Stump v. Sparkman, 435 U.S. 349,

---

[1] Plaintiff should be well aware of this principle as he previously attempted to
raise a claim against Phillip Wayne Edwards, an Assistant Attorney General, and it was
dismissed under Imbler and Mastroianni.  Rolle, 2010 WL 1838242, at *1.

356–57, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978).   Absolute judicial immunity, like other forms of immunity, means a judge is immune "from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991).  Plaintiff was before each judge named as a Defendant here in the proceedings in which Plaintiff challenged his conviction.  Thus, Plaintiff dealt with each judge in their judicial capacities.  These claims are barred.

Moreover, Plaintiff may not seek appellate review of the decisions of the various state courts which denied his post-conviction motions and habeas petitions in this Court. The *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgement entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights."  Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994), *quoted in* Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010).  Plaintiff's claims are barred and this case should be dismissed as frivolous.

Because Plaintiff's civil rights complaint, doc. 1, cannot go forward, the motion for declaratory judgment and for injunctive relief, doc. 3, should also be denied.  Injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).  Because Plaintiff's complaint is insufficient, there is no basis to grant the motion for an injunction.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as frivolous, because it is barred by the *Rooker-Feldman* doctrine and the Defendants have immunity from suit, and the motion for declaratory judgment and injunctive relief, doc. 3, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 24, 2014.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**